



April 26, 2007

**BY HAND DELIVERY**

Magistrate Andrew J. Peck
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street, Room 1370
New York, New York 10007-1312

Re:  Dangerfield v. Anthony ("Babe") Bevacqua and Rodney Dangerfield, Inc.

Dear Magistrate Peck:

This firm represents Joan Dangerfield in the above-captioned matter, which was settled on January 5, 2007 pursuant to the terms set forth on the record by Your Honor and agreed to by the parties and their counsel. Although we had hoped that January 5th would be the last time the parties needed the Court's assistance in this matter, we are compelled to write the Court now because Defendants have ignored (at best, and at worst breached) their obligation to permit Ms. Dangerfield to inspect the books and records of RDI. Accordingly, we ask that the Court to (i) order Defendants to make the books and records of RDI available within 10 days, and (ii) adjourn the date by which Ms. Dangerfield must bring a claim against Defendants until July 1, 2007.

Pursuant to the Settlement Agreement, "Ms. Dangerfield has the right on a one-time basis currently to review the corporation's books and records for the last three and a half years." (1/5/07 Transcript at 4.) Notwithstanding this clear language, and the fact that Ms. Dangerfield first demanded to inspect RDI's books and records on February 5, 2007, (see Ex. 1, 2/5/07 Letter from Levin to Zito), Defendants have still not made a single document available for inspection. Instead, Defendants either take baseless positions,[1] or claim that the documents are unavailable. For example, when Ms. Dangerfield's accountant contacted Mr. Bevacqua in late March to inspect the books and records of RDI, Mr. Bevacqua stated that he could not make the documents available until after April 15th because his accountant just had a baby and was in the middle of tax season.

---

[1] For example, shortly after Ms. Dangerfield made her demand to inspect the books and records of RDI, Defendants claimed that no documents would be made available until she agreed to (i) inspect the documents during regular business hours on RDI's premises, or (ii) pay for both the paralegal and legal costs Defendants would incur in copying and producing the documents. (See Ex. 2, 3/1/07 Email from Zito to Feuerstein.) While Defendants' position was plainly without merit -- indeed, Mr. Zito never explained what (if any) legal support he had for demanding legal fees incurred in gathering and producing the books and records of RDI (see Ex. 3, 3/5/07 Email from Feuerstein to Zito -- Ms. Dangerfield elected to inspect the books and records of the Company so as to avoid any further delay. (See Ex. 4, 3/12/07 Email from Feuerstein to Zito.)

HERRICK, FEINSTEIN LLP
A New York limited liability partnership including New York professional corporations

2 PARK AVENUE, NEW YORK, NY 10016 • TEL 212.592.1400 • FAX 212.592.1500 • www.herrick.com

HERRICK

April 26, 2007
Page 2

Given these delays, and the fact that Ms. Dangerfield has until May 30, 2007 to bring any claims arising from her yet-to-occur inspection of the books and records,[2] we repeatedly contacted counsel for Defendants to (i) obtain a date certain when RDI's books and records would be available, and (ii) determine an appropriate extension by which Ms. Dangerfield would have to file any claims. (See, e.g., Ex. 5, 4/17/07 Letter from Feuerstein to Zito; Ex. 6, 4/23/07 Email from Feuerstein to Zito.) Our attempts, however, have been ignored. Indeed, notwithstanding the multiple letters and telephone calls to Defendants' counsel, and Defendants' counsel's promise that we "don't have to worry", we still have heard when the documents would be made available and/or what, if any, extension Defendants are prepared to agree to.

Accordingly, we respectfully request that the Court order Defendants to make RDI's books and records available within 10 days and extend the deadline by which Ms. Dangerfield must file a claim arising out her audit to July 1, 2007.

Respectfully submitted,

David Feuerstein

DF/fc

cc:   Robert J. A. Zito, Esq.

MEMO ENDORSED 4/30/07

Approved. The parties should try to work these disputes out without judicial intervention.

SO ORDERED:

Hon. Andrew Jay Peck
United States Magistrate Judge

**BY FAX**

---

[2] To be clear, those claims would be limited to "any compensation . . . of any form -- salary, bonus, dividends, etc. -- for Anthony Bevacqua and/or collectively Darrin Bevacqua", that exceeds $150,000 per year. (1/5/07 Transcript at 4-5.)

# FAX TRANSMITTAL SHEET



## ANDREW J. PECK
## UNITED STATES MAGISTRATE JUDGE
## UNITED STATES DISTRICT COURT
Southern District of New York
United States Courthouse
500 Pearl Street, Room 1370
New York, N.Y. 10007-1312

Fax No.:         (212) 805-7933
Telephone No.:   (212) 805-0036

**Dated:** April 30, 2007                                   **Total Number of Pages:** 3

| TO | FAX NUMBER |
|---|---|
| David Feuerstein, Esq. | 212-545-3477 |
| Robert J. A. Zito, Esq. | 212-753-5044 |
|  |  |

# TRANSCRIPTION:

**MEMO ENDORSED 4/30/07**

Approved. The parties should try to work these things out amicably without judicial intervention in the future.